UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLON A. PENTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-00888-ACL |
| BRYAN BOESING, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Marlon A. Penton brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed without prepayment of the required filing fees and costs (ECF No. 3) and motion to appoint counsel (ECF No. 2). Having reviewed the motions to proceed without prepayment and the financial statements provided, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $191.99. *See* 28 U.S.C. § 1915(b)(1). Since Plaintiff is now proceeding without prepaying the filing fee, the Court will review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will issue service on Plaintiff's individual capacity claims against defendant Bryan Boesing. The Court will dismiss without prejudice Plaintiff's official capacity claim against Boesing. Furthermore, as there is no right to appointment of counsel in civil cases, and because it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for appointment of counsel, subject to refiling at a later date.

### **Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff is a prisoner at Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. (ECF No. 1). In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $104.21, and an average monthly balance of $959.94 over the six-month period prior to case initiation. (ECF No. 7). The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $191.99, which is twenty percent of Plaintiff's average monthly balance. *See* 28 U.S.C. § 1915(b)(1).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On June 16, 2025, Plaintiff filed this 42 U.S.C. § 1983 action against Bryan Boesing, Deputy Warden at Farmington Correctional Center (FCC). (ECF No. 1). Plaintiff indicated he was suing Boesing in his individual and official capacity. (*Id.* at 2).

3

Plaintiff was placed in administrative segregation when he arrived at FCC on August 6, 2024. (*Id*. at 3). Plaintiff states the only reason for this placement was as punishment for an escape attempt from 1999, for which Plaintiff had already received punishment. (*Id*.). Plaintiff claims the area where he was being kept had an "unsafe ventilation system." (*Id*.). He describes the ventilation system as "not functioning" or not functioning adequately. (*Id*. at 4). He was exposed to "filthy" conditions, including mice droppings, bugs, airborne pathogens, and the smell of drugs. (*Id*.). Plaintiff remained in administrative segregation until November 19, 2024, when he was transferred out of FCC. (*Id*. at 4). He was initially transferred to Missouri Eastern Correctional Center but that same day he had to be transferred again to Southeast Correctional Center (SECC) for medical treatment. While at SECC, Plaintiff learned "he had a right lung infection, due to prior breathing in unsanitation ventilation poor air." (*Id*.). He also suffered mental anguish from the conditions at FCC. (*Id*.).

Plaintiff alleges that Boesing knew of the issues with the ventilation system and disregarded the risk to Plaintiff by having him housed in an unsafe area. (*Id*. at 3). Boesing was responsible for approving Plaintiff to stay in the housing unit with the inadequate ventilation. (*Id*. at 4). For relief, he asks for $2 million in actual damages and $2 million in punitive damages. (*Id*. at 5).

## Discussion

After careful review and liberal construction of the self-represented complaint, the Court will direct that the Clerk issue process or cause process to issue as to Plaintiff's individual capacity claim of deliberate indifference against Deputy Warden Bryan Boesing.

4

The Eighth Amendment protects inmates against the infliction of "cruel and unusual punishments." U.S. Const. amend. XIII. It has been interpreted as requiring that prisoners be given humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "not all unsafe conditions are cruel and unusual punishment under the Eighth Amendment." *Standish v. Bommel*, 82 F.3d 190, 191 (8th Cir. 1996). An Eighth Amendment claim has both an objective and a subjective component. *See Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).

First, under the objective component, there must be "a substantial risk of serious harm" to the inmate. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). If a plaintiff fails "to plausibly allege a substantial risk of harm," he or she "fails to state a claim," and "there is no need to consider the subjective issue of [the defendant's] deliberate indifference." *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020).

Second, under the subjective component, a plaintiff must demonstrate that the prison official was deliberately indifferent, which "in this context means [an] actual intent that the inmate be harmed, or knowledge that harm will result, or reckless disregard of a known excessive risk to inmate health and safety." *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997). "Deliberate indifference under the Eighth Amendment is the equivalent of criminal recklessness: the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hodges v. Department of Corrections*, 61 F.4th 588, 592 (8th Cir. 2023). *See also Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021) (explaining that deliberate indifference "means that prison officials subjectively knew of and disregarded the inmate's safety risk").

Accepting Plaintiff's allegations as true – as the Court must at this stage of pleading – Plaintiff's complaint contains enough factual allegations to state a plausible claim of deliberate indifference against Boesing. Plaintiff alleges that he was placed in administrative segregation for a decades-old escape attempt and that the ventilation system in administrative segregation was not functioning properly. He was also exposed to unsanitary conditions, including mice droppings and bugs. Issues with unsanitary conditions and non-functioning ventilation systems while in administrative segregation can be sufficient to state a claim under the Eighth Amendment. *See Williams v. White*, 897 F.2d 942, 944 (8th Cir. 1990)(holding that lack of ventilation, placement in solitary confinement without reason, bed bugs, and lack of hot water were sufficient allegations to state a claim).

As a result of being housed in administrative segregation for over three months, Plaintiff developed a right lung infection. Plaintiff contends that Boesing knew of the conditions and issues with the ventilation system and disregarded the risk to Plaintiff's safety by placing him in the unit. This is sufficient to plausibly allege Boesing was deliberately indifferent to a substantial risk of harm. As such, the Court will direct that process issue on this claim.

Plaintiff's official capacity claim against Boesing will be dismissed. A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's official capacity claim against an employee of FCC is actually a claim against the State of Missouri, as FCC is part of the State's Department of Corrections. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official

6

capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). For these reasons, Plaintiff's official capacity claim will be dismissed for failure to state a claim upon which relief may be granted.

## Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel. (ECF No. 2). The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as a defendant has not yet been served, and the

7

Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motions for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $191.99 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.  *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to the Defendant Bryan Boesing, in his individual capacity, with regard to Plaintiff's claim of deliberate indifference. Defendant Bryan Boesing shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Eastern Reception Diagnostic and Correctional Center, 2727 Highway K, Bonne Terre, Missouri 63628.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of September, 2025.

                                                _____
                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE