# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARLON A. PENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-888-ACL |
| ) | |
| BRYAN BOESING, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

The matter is now before the Court on the motion of Plaintiff Marlon A. Penton to appoint counsel (ECF No. 23). After reviewing the motion and the record before the Court, the Court will deny the motions.

### Background

Plaintiff is a prisoner at Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. (ECF No. 1). On June 16, 2025, Plaintiff filed this 42 U.S.C. § 1983 action against Bryan Boesing, Deputy Warden at Farmington Correctional Center (FCC). (*Id.*). Plaintiff indicated he was suing Boesing in his individual and official capacity. (*Id.* at 2). In a decision signed by Senior District Judge Steven N. Limbaugh, Jr., service was issued against Boesing in his individual capacity, but the official capacity claim was dismissed. (ECF No. 8). Plaintiff consented to jurisdiction by the undersigned United States Magistrate Judge on September 18, 2025. He filed his motion for change of judge on September 22, 2025 without giving a reason. (ECF No. 11).

**Discussion**

Plaintiff has filed a motion for appointment of counsel. (ECF No. 23). The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motions for appointment of counsel, without prejudice. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 23) is **DENIED without prejudice**.

Dated this 20th day of November, 2025.

                                              */s/ Abbie Crites-Leoni*
                                              ABBIE CRITES-LEONI
                                              UNITED STATES MAGISTRATE JUDGE