UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARLON A. PENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-888-ACL |
| | ) | |
| BRYAN BOESING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Marlon A. Penton brought this action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights during his incarceration at Farmington Correctional Center ("FCC"). Defendant Bryan Boesing is the Deputy Warden at FCC. Penton is presently confined at Crossroads Correctional Center ("CRCC") in Cameron, Missouri.

Penton has filed the following motions that are currently pending before the Court: two motions for a preliminary injunction (Docs. 28, 39), a motion to appoint counsel (Doc. 32), a motion requesting a mold assessment (Doc. 33), a motion for extension of time to file an Amended Complaint (Doc. 37), a motion to appoint an expert witness (Doc. 38), and a motion for an emergency hearing (Doc. 40).

## I.      Background

In his Complaint, Penton states that he was placed in administrative segregation when he arrived at FCC on August 6, 2024, for a decades-old escape attempt. He alleges that the ventilation system in the administrative segregation unit was not functioning properly, and he was exposed to unsanitary conditions, including mice droppings and bugs. Penton alleges that he developed a right lung infection as a result of being housed in administrative segregation for over

1

three months.  He was transferred to a different institution on November 19, 2024, and was confined at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") at the time he filed his Complaint.  Penton contends that Defendant Boesing knew of the conditions and issues with the ventilation system and disregarded the risk to Penton's safety by placing him in the unit. Penton indicated he was suing Boesing in his individual and official capacities.

On September 5, 2025, the Court[1] found that Penton's official capacity claims were subject to dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A, but issued process on his claim for deliberate indifference to a substantial risk of harm in violation of the Eighth Amendment against Boesing in his individual capacity.

In a letter dated December 15, 2025, Penton informed the Court that he had been transferred from ERDCC to CRCC.  (Doc. 36.)

## II.    Discussion

As previously noted, Penton has filed multiple motions that are presently pending before the Court.  The undersigned will discuss these motions in turn.

### A. Motions for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 27 (2008).  In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest."  *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015).  *See also Dataphase Systems, Inc. v. C L Systems, Inc.,* 640

---

[1]Senior United States District Judge Stephen N. Limbaugh, Jr.

F.2d 109, 113 (8th Cir. 1981).  "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction."  *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists."  *Id.* at 521.  Furthermore, the "danger must be more than a mere possibility."  *Id.*  Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate."  *Id.*  Plaintiff has the burden of proving that an injunction should be issued.  *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.,* 920 F.3d 1181, 1183 (8th Cir. 2019).

### December 8, 2025 Motion for Preliminary Injunction (Doc. 28)

In his first Motion for Preliminary Injunction, Penton argues that he is being exposed to unreasonably high levels of smoke in administrative segregation at ERDCC, in violation of his constitutional rights.  He requests that the Court have him moved into a medical unit.

As noted above, Penton was transferred to a different institution, CRCC, after he filed this Motion.  Thus, Penton's first Motion for Preliminary Injunction is moot.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions" (citing *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978))).

3

**December 22, 2025 Motion for Preliminary Injunction (Doc. 28) and Request for Emergency Hearing (Doc. 40)**

In his second Motion for Preliminary Injunction, dated December 15, 2025, Penton states that each institution at which he was housed after being diagnosed with the lung infection at FCC has had an inadequate ventilation system.  Penton states that he has experienced symptoms including difficulty breathing, dizziness, and loss of appetite, for which he requested treatment at ERDCC prior to being moved to CRCC, but ERDCC ignored his requests.  He notes that CRCC just experienced a scabies outbreak and "did not clean deeply as needed or clean [the] ventilation system."  (Doc. 28 at 2.)  Penton requests that the Court grant his motion for injunction because he is "put at risk again to suffer harm" due to an inadequate ventilation system.  *Id.*

Two weeks later, Penton filed a Motion for Emergency Telephonic Hearing or In Person Hearing Pursuant to Rule 65 of the Federal Rules of Civil Procedure.  Penton states that he is currently housed in the medical unit/infirmary at CRCC, and that the ventilation system there is cleaner, "more adequate," and no second hand smoke risk exists.  (Tr. 40 at 3.)  Penton claims that if he is not housed in the medical unit/infirmary, he will not receive the follow-up medical treatment recommended and he will be at risk of becoming sick again.  He alleges that the inmate houses at CRCC have "mold contamination excessively in the air."  *Id.* at 6.  Penton requests that the Court enjoin the Warden and other officials at CRCC from removing him from the CRCC medical unit/infirmary.

As an initial matter, the only Defendant in this action is Bryan Boesing, Deputy Warden at FCC, in his individual capacity.  Defendant Boesing does not have the ability to dictate the housing unit assignments of inmates at CRCC, where Penton is currently incarcerated.

Penton's Motion also fails on its merits.  First, he has not made a showing of irreparable harm.  In his Complaint, Plaintiff alleges that he developed a lung infection due to being housed in unsanitary conditions while in administrative segregation at FCC for a period of over three months in 2024.  Penton alleges in his Motion that he did not receive proper medical treatment for his lung condition while he was housed at ERDCC.  Penton argues that if he is not housed in the medical unit/infirmary at CRCC, he will not receive the follow-up medical treatment recommended and he will be at risk of becoming sick again.  The allegations in Penton's motion do not support that he is in any immediate danger.  Instead, they relate to his treatment at previous institutions and do not show an immediate risk of harm at his current institution requiring intervention.

Second, granting Penton's motion would place the Court in the position of injecting itself into the problems of prison administration.  Judicial restraint is called for in this context and militates against the granting of Penton's motion.

For these reasons, the Court finds that Penton's Motion for a Preliminary Injunction and Request for an Emergency Hearing must be denied.

**B.  Motions for Appointment of Experts (Docs. 33, 38) and Counsel (Doc. 32)**

On December 11, 2025, Penton filed a motion requesting that the Court order Trevor Foley,  Director of Missouri Department of Corrections, to pay for an environmental consulting company to conduct a mold assessment at FCC.  (Doc. 33.)  This Motion will be denied, as the Court has no authority to order a non-party to pay for Penton's costs to litigate this action.

On December 22, 2025, Penton filed a motion requesting the Court to appoint an expert witness to examine the ventilation system at CRCC as it relates to "present and future harm." (Doc. 38 at 2.)  Penton's Motion will be denied.  Although Penton has been granted in forma

pauperis status, he is responsible for witness fees. *See Grace v. Hakala*, No. 1:11CV81 LMB, 2012 WL 2190902, at *6 (E.D. Mo. June 14, 2012) (noting that courts "have uniformly held that waiver of the requirement for payment of costs applies only to court costs and that a plaintiff in forma pauperis must pay witness and mileage fees himself").

Penton also requests that the Court appoint him counsel.  This is his fourth such request. The Court denied the other requests, finding that, although Penton has presented non-frivolous claims in this case, this action "appears to involve straightforward questions of fact rather than complex questions of law, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court."  (Doc. 24 at 2.)  As the Court previously explained, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Instead, where the moving party has pleaded a nonfrivolous cause of action, whether to appoint counsel falls within the discretion of the trial court. *See id.*  In considering whether to appoint counsel, courts consider "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).

Because nothing has changed since Penton's last request for appointment of counsel, the Court will deny the Motion.  Penton has continued to clearly articulate his claims and arguments, has successfully filed numerous motions, and this case does not involve factually or legally complex issues.

**C. Motion for Extension of Time (Doc. 37)**

On December 22, 2025, Penton filed a Motion for Extension of Time to File an Amended

Complaint.  Penton states that he was transferred to CRCC from ERDCC on December 9, 2025, and he was placed into administrative segregation without his legal work.  He states that he will need his legal work in order to file an amended complaint, and requests a 90-day extension to do so.  The deadline for joinder of additional parties or amendment of pleadings contained in the Case Management Order was December 22, 2025.  (Doc. 25 at 1.)

"[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."  *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985); *see Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend.").

Penton does not provide any indication as to the amendments he wishes to make to the Complaint.  The Court denied Penton's previous request to amend his Complaint on this basis. (Doc. 22.)  Additionally, although Penton states that he is without his legal materials and unable to file an amended complaint, he has been able to file many documents in this matter since his transfer to CRCC.  (Docs. 38, 39, 40, 43.)  Thus, Penton's motion for a 90-day extension to file an amended compliant will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's pending motions (Docs. 28, 32, 33, 37, 38, 39, 40) are **denied**.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of February, 2026.

7